Call the case. Will the attorneys please step up to the podium, state your names, tell the court whom you represent, and approximately how much time you're arguing. Well, let's discuss the motion. Proceed. Call 1587 and 1218.24 Brunswick Corporation v. Certain Underwriters at Lloyd's. Good morning, Your Honor. Your Honors. Sorry. Jim Clark, a full-aid lawyer, representing the plaintiff, Brunswick. Joseph Poe, Rivkin Rather LLP, representing Defendant Apelli Fireman's Fund Insurance Company. Okay, gentlemen, the court is in receipt of your two motions. We've reviewed the motions. We are going to strike the oral argument date. However, within the next 30 days, we expect the parties to file a motion to dismiss or a status report on or before June 26, 2013. After the court receives the status report, if you have not settled, the court will decide how it will proceed. That is, whether or not we will set another oral argument or if we will simply enter an order or an opinion. Are we clear? We are. And, Your Honors, on behalf of the plaintiff, let me just say that I'd like to apologize for the fact that we're here at such a late time in terms of the resolution. We know that you put time into these appeals before the argument. Environmental cases, in my experience, involving insurance companies, are difficult cases to settle. We've been working on trying to resolve these cases for quite some time. We had three parties left in the case. And, unfortunately, it just didn't come together with regard to all of the parties until actually somewhat late last night. Are you using a mediator? Well, we used a mediator, Your Honor, with regard to some of the – there was something initially like something between 10 and 20 insurance companies originally involved in this. We mediated on probably two or three occasions, settled with all but the three carriers that were the subject of the motions that are up on appeal before Your Honors now. Those three parties, we settled with one, I think, two or three weeks ago. We got all the settlement papers prepared, so there was no issue with regard to that carrier. The last two carriers, the London Carriers and Fireman's Fund, although there have been a lot of discussions leading up to the date of the argument, those two settlements didn't come together until one sometime yesterday morning and the other last night. And I just wanted to assure Your Honors that we work hard to see if the cases are resolvable, but sometimes forces beyond really anyone's control don't allow that to happen until – I guess we could clearly say this is the 11th hour. But we have agreements in principle in writing with the parties. I have every expectation that we're going to be able to work together to resolve the final details of the settlement, but there has to be obviously agreement on those details. You are aware that the court has a settlement committee? Could you – would the court's assistance be of any help to the party? I think we have the agreements – the principle details of the agreements settled. So the answer is no? I think the answer is no. That's fine. But if we should run into any issues, I think, Your Honor, that's an excellent suggestion and we'll – All right. Now, you need to file a motion if you want to get the settlement committee involved, and all parties would have to be in agreement so we can expedite it because you've got to keep in mind we've got this January – 2013 date that we're shooting for. We are hopeful that we're going to have these agreements concluded by the end of this month. And you'll file a motion to dismiss rather than a status report if the case is concluded? Yes. Good luck. Thank you very much. Do you know why counsel for underwriters is not here? I don't, Your Honor, know why he's not here. I mean, you didn't represent that you would represent their position? Well, I did represent that I would try to determine the status of the motion and advise them if there were any issues with respect to it, but obviously since we didn't have a chance to address this with the court until we had the hearing at 930, I haven't – neither of us have had a chance to get back to Mr. Walsh. Well, if you would be kind enough to advise them that they simply filed a motion and until that motion is ruled on, it could have been denied. So they should extend the courtesy to the court that it's simply a motion and it wasn't ruled on. And from my perspective, there's the adage that the more time lawyers get, the more time lawyers take. So we would like to impress upon you that this needs to get done, that we're not of a mind to just let this languish. So if you have a settlement, terrific, good for you, congratulations, but get it done because we need to get this resolved. No one wants that more than the plaintiffs, Your Honor, and we push very hard to get this concluded as quickly as possible, and I fully understand from your point of view why you're setting this deadline and we'll work very hard to get it done within that time frame, but in any event, we'll respond to the court before that time as you've ordered. Mr. Polo, do you have anything to add? I would only echo Mr. Clark's apology to the court that we did not get our settlement done earlier so that the court didn't have to spend its time preparing for today. But I am very confident we'll have. Is this going to resolve the underlying litigation too? There are a few housekeeping items left at the lower court. There's one party that was not involved in any of the appeals but really has from our perspective at least no meaningful role in the case, so our expectation is assuming that we can get these two settlements finalized, that will essentially end the litigation. So the Cedar Creek issue is resolved? Yes. Depending on the final resolution of your settlement. That's correct. Great. Well, congratulations. Thank you. Anything further? No, please, Your Honors. Anything? No. All right. This case is stayed and the matter is taken under advisement. Thank you. Thank you very much. The court is in recess.